Filed 11/20/13  P. v. Billodeaux CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064034 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245632) |
| TOM BILLODEAUX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

John L. Staley for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Tom Billodeaux appeals the judgment following his guilty plea.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Billodeaux did not respond to our invitation to file a supplemental brief.  After

having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Billodeaux was charged with three counts of assault with a firearm (Pen. Code § 245, subd. (a)(2)),[1] three counts of making a criminal threat (§ 422), and one count of assault with a firearm upon a peace officer (§ 245, subd. (d)(1)). All seven counts included the allegation that Billodeaux personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)).

According to the probation officer's report, the crimes occurred when Billodeaux went to the shopping center where his ex-girlfriend worked, pointed a gun at her, threatened to kill her, and then pointed a gun at and threatened to kill a bystander and a security guard who attempted to intervene. Billodeaux then fled to a nearby movie theater where he hid until police officers found him in an occupied theater. When police officers confronted Billodeaux, he raised his gun toward the officers, and they shot him.

Billodeaux pled guilty to one count of assault with a firearm (§ 245, subd. (a)(2)), two counts of making of a criminal threat (§ 422), and one count of assault with a firearm on a peace officer (§ 245, subd. (d)(1), along with admitting the corresponding firearm allegations. At the hearing on the guilty plea, the trial court stated that it had determined

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

2

that the maximum punishment it would likely impose was a sentence of 24 years four months.

Prior to the sentencing hearing, Billodeaux made a request to have defense counsel relieved and new counsel appointed, which the trial court denied after holding a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

The trial court sentenced Billodeaux to a middle term consecutive sentence of 22 years four months in prison.

Billodeaux requested that the trial court issue a certificate of probable cause for an appeal. In his request, Billodeaux contended (1) he was on medication when he signed the guilty plea; (2) he was not properly advised of the consequences of the plea agreement; (3) defense counsel failed to discuss the case with him; and (4) the sentence was too long for a first serious criminal offense. The trial court issued a certificate of probable cause.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues: (1) whether the trial court erred by denying Billodeaux's motion to relieve his attorney; (2) whether the trial court erred by failing to sentence Billodeaux to 14 years in prison as requested at the sentencing hearing; (3) and whether Billodeaux's guilty pleas

3

were constitutionally valid. After we received counsel's brief, we gave Billodeaux an opportunity to file a supplemental brief, but he did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Billodeaux has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:

_____
NARES, Acting P.J.

_____
HALLER, J.

4